[653 NYS2d 429]

MARILYN N. POLIMENI et al., Respondents, v MINOLTA CORPORA-
TION et al., Appellants.

Third Department, January 30, 1997

## APPEARANCES OF COUNSEL

*Thorn & Gershon*, Albany (*Robert F. Doran* of counsel), for Minolta Corporation, appellant.

*Friedman, Hirschen, Miller, Coughlin & Campito, P. C.*, Schenectady (*Lynn M. Blake* of counsel), for Exxon Corporation, appellant.

*DeLorenzo, Gordon, Pasquariello, Weiskopf & Harding, P. C.*, Schenectady (*Richard H. Weiskopf* of counsel), for respondents.

### OPINION OF THE COURT

CREW III, J.

Plaintiff Marilyn N. Polimeni was employed by the Department of State. From October 1988 to May 1991, Polimeni operated a Minolta microfilm reader/printer, as a consequence of which she was continually exposed to the liquid toner used in the machine and allegedly became totally disabled. Plaintiff and her husband, derivatively, commenced this action against defendant Exxon Corporation, the manufacturer of Isopar G (the primary chemical component of the toner), defendant Minolta Corporation, the manufacturer of the microfilm machine and the distributor of the liquid toner used therein, and defendants Coates Reprographics Inc. and Hilord Chemical

Corporation, the companies that manufactured and sold the liquid toner to Minolta. Plaintiffs' sole theory of liability as against all defendants is that Polimeni was never warned of the known risks and necessary precautions entailed in using the liquid toner, which contains petroleum hydrocarbons, known health hazards to human beings. After issue was joined and certain discovery was conducted, Exxon and Minolta moved for summary judgment dismissing the amended complaint, which motions were denied. This appeal ensued.

■ Exxon contends that Supreme Court erred in denying its motion for summary judgment because of the bulk supplier and/or informed intermediary doctrines, which require only that Exxon issue adequate warnings to its immediate distributees and not to Polimeni as the ultimate consumer. Exxon further claims that it established, as a matter of law, that it issued adequate warnings to such entities and, thus, is entitled to summary judgment. We disagree.

It has long been the rule that a plaintiff may recover in strict products liability for a manufacturer's failure to warn of the risks and dangers associated with the use of its product (*see, Bukowski v CooperVision Inc.*, 185 AD2d 31). That duty generally extends to warning ultimate consumers of the dangers resulting from the foreseeable use of the product (*supra*, at 33). The bulk supplier doctrine and the informed intermediary doctrine, however, were developed to impose practical limitations upon the manufacturer's obligation to appropriately warn the ultimate consumer. Thus, where a product, such as a gas or a liquid, is sold in bulk with the contemplation that such will be repackaged and resold by the manufacturer's distributee, the manufacturer will have satisfied its duty to act reasonably if it adequately warns the distributee of the risks and dangers associated with the use of its product (*see, e.g., Donahue v Phillips Petroleum Co.*, 866 F2d 1008; *Manning v Ashland Oil Co.*, 721 F2d 192; *Groll v Shell Oil Co.*, 148 Cal App 3d 444, 196 Cal Rptr 52; *Jones v Hittle Serv.*, 219 Kan 627, 549 P2d 1383). The bulk supplier doctrine is premised upon the theory that the immediate distributee is in a better position to warn the ultimate consumer of the dangers associated with the finished product and, further, that to require the bulk manufacturer to issue warnings through the entire chain of distribution would be too onerous a burden (*see, Veil v Vitek, Inc.*, 803 F Supp 229; *Groll v Shell Oil Co., supra*).

The informed intermediary doctrine is similar to the bulk supplier doctrine in that it limits the duty to warn to the

manufacturer's distributee and not the ultimate consumer. It is, however, based upon different policy considerations. In this State, at least, the informed intermediary doctrine has been limited to prescription drugs and certain medical devices. Unlike the bulk supplier doctrine, which is based upon the theory that the distributee is better situated to issue warnings, the theory behind the informed intermediary doctrine is that the warnings are specifically intended for the physician whose duty then is to balance the risks of the use of said drugs against the benefits that the patient may derive therefrom (see, *Martin v Hacker*, 83 NY2d 1). This distinction is a valid one and prompts us not to extend the informed intermediary doctrine to cases of purely commercial context. In cases such as the one before us, the distributee might well be said to appreciate the qualities of the manufacturer's product in its commercial application without necessarily appreciating the health dangers associated therewith. Moreover, even assuming that the distributee indeed appreciated such dangers, unlike a physician, the distributee is under no duty to balance the risks associated with the use of the manufacturer's product against the benefits that the ultimate consumer may derive therefrom.

Viewing this case in the context of the bulk supplier doctrine, we are of the view that Supreme Court quite properly denied Exxon's motion for summary judgment. As a starting point, there is absolutely no record evidence that Exxon sold Isopar G to Coates or Hilord in bulk. Beyond that, we agree with Supreme Court that it cannot be said, as a matter of law, that the warnings that were given to Coates and Hilord by Exxon were adequate. It is axiomatic that in all but the most unusual circumstances, the adequacy of a warning is a question of fact (see, *Cooley v Carter-Wallace Inc.*, 102 AD2d 642, 648). Here, given the highly technical language utilized regarding the ventilating recommendations in the literature transmitted from Exxon to Coates and Hilord, and the total lack of record evidence as to the latters' respective sophistication and expertise regarding the potential health hazards of Isopar G, we cannot determine, as a matter of law, that the warnings were adequate.

Finally, inasmuch as Minolta provided the State of New York with the same warnings given by Exxon to Coates and Hilord, Supreme Court properly denied Minolta's motion for summary judgment. Moreover, there remains a question of fact as to whether Minolta failed to adequately warn plaintiff by not affixing the warnings to the containers of toner, as well as to the microfilm machine itself.

CARDONA, P. J., MIKOLL, YESAWICH JR. and SPAIN, JJ., concur.

Ordered that the order is affirmed, with costs.