■ ROBERT MORROW, Appellant, v MACKLER PRODUCTIONS, INC., et al., Defendants, and KENDALL REFINING COMPANY et al., Respondents. [657 NYS2d 705] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered on or about March 28, 1996, which, in a products liability action, insofar as appealed from, granted the motions of defendants bulk distributor (Kendall) and supplier (SOS) of the allegedly defective oil drum for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff sustained injuries while attempting to dismantle a 55 gallon oil drum with an acetylene torch. We affirm the grant of summary judgment in defendants' favor for lack of proof that the absence of adequate warnings was a substantial factor in bringing about plaintiff's injury (*see, Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 106). The deposition testimony of Kendall's representative established that the charred label appearing in the police photograph of the drum was of the type used by Kendall prior to 1988, and thus the drum must have left Kendall's hands at least two years before the accident. Plaintiff's employer testified that he instructed plaintiff to dismantle for disposal the 20 or more empty 55 gallon oil drums stored behind the service station where plaintiff worked, which drums had been dropped off at the service station by unknown persons who had replaced the original contents with what was believed to be used oil, and had been sitting outside, fully exposed to the elements, for at least a year. Neither plaintiff nor his employer could remember whether there were any warnings painted or affixed to the drum, and plaintiff's employer testified that the presence of warnings on the drums, regardless of type or kind, would not have made a difference in the way that he directed plaintiff to dispose of the drums, since he himself had safely taken many of them apart with an acetylene torch on numerous occasions. Thus, the absence of a warning would not have been a proximate cause of the injury. The representative of Kendall's parent stated that through 1990, all 55 gallon drums manufactured for it in connection with its distribution of Kendall oil products contained painted

warnings on the lids that empty containers could contain vapor or product residue and should not be cut, punctured, welded or subject to pressure, and that similar adhesive labels were forwarded to Kendall's suppliers such as SOS. SOS's representative testified that his company affixed additional labels supplied by Kendall and checked all 55 gallon drums supplied to insure that the warning labels were affixed. While in all but the most unusual circumstances, the adequacy of warnings is a question of fact (*Polimeni v Minolta Corp.*, 227 AD2d 64, 67), in this case it is not the adequacy of the warnings that is in issue but their existence at the time the drum left defendants' respective hands. Too many circumstances intervene here for plaintiff to be able to prove that the drum had not been substantially altered after its distribution by defendants (*see, Rosado v Cavagnaro & Sons Mach. Corp.*, 193 AD2d 476; *Blair v Martin's*, 78 AD2d 895). Unlike *Smith v City of New York* (133 AD2d 818, 819), relied upon by plaintiff, there was no continuing contractual duty on defendants' part to maintain the allegedly defective product (*cf., Rosado v Cavagnaro & Sons Mach. Corp., supra*). Concur—Murphy, P. J., Milonas, Rosenberger, Wallach and Andrias, JJ.