■ JOSE MONTUFAR, Respondent, v SHIVA AUTOMATION SERVICE, Defendant, and DUKANE CORPORATION, Appellant. (And a Third-Party Action.) [683 NYS2d 125] —In an action to recover damages for personal injuries, the defendant Dukane Corporation appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated January 14, 1998, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The appellant's motion for summary judgment was based essentially on its claim that it was shielded from liability to the plaintiff because the plaintiff's employer had substantially modified the machine in question in such a way as to allow certain safety features to be bypassed. The Supreme Court denied the motion, finding that there was a question of fact "as to whether the [appellant], when it learned that plaintiff's employer was intending to modify the machine to make the safety devices inoperative, gave adequate warning * * * of the dangerous consequences". We agree with the Supreme Court that there is an issue of fact in this respect.

Contrary to the appellant's primary argument on appeal, the post-delivery, material alteration of a product does not automatically defeat a right to recover under a theory based on failure to warn (*see, Liriano v Hobart Corp.,* 92 NY2d 232). Also, the appellant did not establish that the warnings that it did issue were adequate as a matter of law, or that such warnings would have been superfluous in light of an awareness on

the part of the plaintiff, or, for that matter, on the part of the plaintiff's employer, of the specific hazards associated with the circumvention of the safety features in question (*see, Liriano v Hobart Corp., supra*). "[I]n all but the most unusual circumstances, the adequacy of warnings is a question of fact" (*Morrow v Mackler Prods.*, 240 AD2d 175, 176; *Polimeni v Minolta Corp.*, 227 AD2d 64, 67). This rule applies here, as there is no proof that the plaintiff or his employer were aware of the importance of the safety devices removed, or of the specific hazard caused by the removal (*cf., Banks v Makita, U.S.A.*, 226 AD2d 659; *Wood v Peabody Intl. Corp.*, 187 AD2d 824). Bracken, J. P., Ritter, Copertino and Florio, JJ., concur.