■ MICHAEL NAGEL, Respondent, v BROTHERS INTERNATIONAL FOOD, INC., Defendant and Third-Party Plaintiff-Appellant. B & B INTERNATIONAL, INC., Third-Party Defendant-Respondent. [825 NYS2d 93]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Johnson, J.), dated July 12, 2005, which denied its motion for summary judgment dismissing the complaint and granted the cross motion of the third-party defendant for summary judgment dismissing the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the third-party defendant for summary judgment dismissing the third-party complaint and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff allegedly sustained burns to his left leg when a bottle of concentrated vinegar fell from the top shelf of a display rack and broke, spraying him with vinegar. The accident occurred inside a store owned and operated by the defendant third-party plaintiff, Brothers International Food, Inc. (hereinafter Brothers). The shelf was in a narrow aisle close to the entrance, and was defective, the plaintiff alleged, because it did not have any guardrails to prevent items from falling off. The plaintiff testified at his deposition that he was standing still to allow people to exit the crowded store, holding, at chest level, a box containing bread, when he heard the bottle break behind him. Brothers' sole shareholder, Elvira Tkach, testified at a deposition that she observed the plaintiff carrying a box containing bread on his head and that the box knocked off the vinegar bottle.

The product was made in Russia and distributed by the third-party defendant, B & B International, Inc. (hereinafter B & B).

The entire label was in Russian, and the translation of the pertinent parts of the label read as follows:

"VINEGAR ACID 70%

"For Food Preparation

"Used in preparation of sauces, marinades, pickling vegetables, fruits, meat and fish products.

"WARNING!

"Life threatening if used undiluted.

"Dissolve in 20 parts of water prior to consumption.

"Store in places where accidental consumption is unlikely."

Tkach stated that she was aware of the contents of the warning label and that the product was used as a meat tenderizer. However, Tkach alleged that she did not know that the product could cause skin burn upon contact. Tkach was responsible for displaying the subject product and all other merchandise in the store and asserted that, had the warning label indicated that the product caused skin burn upon contact in its undiluted form, she would have displayed it elsewhere.

Brothers, in support of its motion for summary judgment dismissing the complaint, failed to establish its entitlement to judgment as a matter of law, and the Supreme Court properly denied its motion (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Contrary to Brothers' contention, the issue of whether Tkach, who knew that the subject product contained vinegar which was 70% acid, used as a meat tenderizer, and life threatening if used in its undiluted form, was aware or should have been aware of the hazardous condition of the product should be left to the trier of the facts (*see generally Liriano v Hobart Corp.,* 92 NY2d 232, 241 [1998]; *Miele v American Tobacco Co.,* 2 AD3d 799 [2003]). Additionally, Brothers failed to establish, prima facie, that it was not negligent in the manner in which it displayed the subject product (*see Wolff v New York City Tr. Auth.,* 21 AD3d 956 [2005]).

With respect to B & B, the Supreme Court should have denied its cross motion for summary judgment dismissing the third-party complaint. A product may be defective due to the inadequate warning of the risks involved in the use of the product (*see Johnson v Johnson Chem. Co.,* 183 AD2d 64 [1992]). "[I]n all but the most unusual circumstances, the adequacy of a warning is a question of fact" (*Montufar v Shiva Automation Serv.,*

256 AD2d 607, 608 [1998] [internal quotation marks omitted]; *Polimeni v Minolta Corp.*, 227 AD2d 64, 67 [1997]). "For there to be recovery for damages stemming from a product defective because of the inadequacy or absence of warnings, the failure to warn must have been a substantial cause of the events which produced the injury" (*Billsborrow v Dow Chem.*, 177 AD2d 7, 16 [1992]; *see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 532 [1991]). Generally, proximate cause is a question to be decided by the trier of the facts (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

Under the circumstances, B & B failed to submit evidence sufficient to demonstrate that the product's warning label was adequate (*see Cooley v Carter-Wallace Inc.*, 102 AD2d 642 [1984]). Additionally, a triable issue of fact exists as to whether the warning label, if inadequate, was a proximate cause of the accident or whether there was a superseding cause which severed all causal nexus between the alleged inadequate warning label and the plaintiff's injuries (*see Derdiarian v Felix Contr. Corp., supra*). Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.