# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1233.1**
**CA 11-00893**
PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.
_____

NATALIE M. BARNHARD, PLAINTIFF-RESPONDENT,

                        V                                             MEMORANDUM AND ORDER

CYBEX INTERNATIONAL, INC., DEFENDANT-APPELLANT.
------------------------------------------------
CYBEX INTERNATIONAL, INC., THIRD-PARTY
PLAINTIFF-APPELLANT-RESPONDENT,

                        V

AMHERST ORTHOPEDIC PHYSICAL THERAPY, P.C.,
THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.
(APPEAL NO. 1.)
_____

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, WHITE PLAINS (ROBERT
A. SPOLZINO OF COUNSEL), AND HURWITZ & FINE, P.C., BUFFALO, FOR
DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-APPELLANT-RESPONDENT.

BAXTER SMITH & SHAPIRO P.C., WEST SENECA (SIM R. SHAPIRO OF COUNSEL),
FOR THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.

PHILLIPS LYTLE LLP, BUFFALO (KEVIN J. ENGLISH OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------

     Appeal and cross appeal from a judgment of the Supreme Court,
Erie County (Diane Y. Devlin, J.), entered April 21, 2011. The
judgment awarded plaintiff money damages upon a jury verdict.

     It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by granting the post-trial motion in
part and setting aside the verdict with respect to damages for future
"care for potential children" and damages for past and future pain and
suffering and as modified the judgment is affirmed without costs, and
a new trial is granted on damages for past and future pain and
suffering only unless plaintiff, within 20 days of service of a copy
of the order of this Court with notice of entry, stipulates to reduce
the award of damages for past pain and suffering to $3 million and for
future pain and suffering to $9 million, in which event the judgment
is modified accordingly and as modified the judgment is affirmed
without costs.

     Memorandum: Plaintiff commenced this action seeking damages for
injuries she sustained when an exercise machine tipped over and fell

on top of her, breaking her neck and rendering her a quadriplegic. The leg extension machine that caused plaintiff's injuries (hereafter, machine) was designed, manufactured and sold by a company that was subsequently purchased by defendant-third-party plaintiff, Cybex International, Inc. (Cybex). Plaintiff was employed as a physical therapy assistant by third-party defendant, Amherst Orthopedic Physical Therapy, P.C. (Amherst Orthopedic) and, at the time of the accident, she was with her assigned patient in the gym area. Plaintiff stood on the weight-stack side of the machine, put her hands on top of it and pulled on it in order to stretch her arms and shoulder. The machine, which weighed more than 600 pounds, was not secured to the floor and it toppled over onto her. Following a trial, the jury apportioned liability for the accident 75% to Cybex, 20% to Amherst Orthopedic and 5% to plaintiff. The jury awarded plaintiff damages for past and future medical expenses, lost earnings and benefits and pain and suffering, as well as damages for future "care for potential children." Supreme Court thereafter denied the post-trial motion of Cybex seeking to set aside the verdict.

Contrary to the contention of Cybex on its appeal, we conclude that a fair interpretation of the evidence supports the jury's verdict that Cybex was negligent and that its negligence was a substantial factor in causing plaintiff's injuries. Thus, the court properly denied the post-trial motion of Cybex insofar as it sought to set aside those parts of the verdict. The jury was entitled to reject the position of Cybex that plaintiff was injured as the result of her unforeseeable misuse of an otherwise safe product. Although it is undisputed that plaintiff was not using the machine for its intended purpose when she was injured, the designer of the machine testified at trial that the use of exercise machines for stretching is common and thus foreseeable (*see generally Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 480). In addition, the jury was entitled to credit the testimony of plaintiff's expert that the machine was defectively designed, that it could have feasibly been made safer and that the design defect was a substantial factor in causing plaintiff's injury (*see Adams v Genie Indus., Inc.*, 14 NY3d 535, 542; *Wengenroth v Formula Equip. Leasing, Inc.*, 11 AD3d 677, 680). Moreover, the adequacy of the warnings accompanying the machine was an issue of fact for the jury (*see Morrow v Mackler Prods.*, 240 AD2d 175), and the record supports the jury's determination that the failure of Cybex to warn purchasers and users of the machine's potential tipping hazard was also a substantial factor in causing plaintiff's injuries. The jury's apportionment of 75% fault to Cybex is supported by a fair interpretation of the evidence (*see Sydnor v Home Depot U.S.A., Inc.*, 74 AD3d 1185, 1187-1188).

Contrary to the contention of Amherst Orthopedic on its cross appeal, the evidence is legally sufficient to support those parts of the jury's verdict finding that Amherst Orthopedic was negligent, its negligence was a substantial factor in causing injury to plaintiff and the percentage of fault attributable to Amherst Orthopedic was 20% (*see Williams v City of New York*, 71 AD3d 1135, 1137). We reject the further contention of Amherst Orthopedic that the court erred in discharging a juror during the trial after that juror advised the

court of his travel plans and the attorneys agreed to delay the trial one day to accommodate those travel plans. The court was not bound by the attorneys' agreement, and it properly exercised its " 'broad authority to . . . expedite the proceedings' " by replacing the juror with an alternate (*Peralta v Grenadier Realty Corp.*, 84 AD3d 486, 487).

None of the court's evidentiary rulings requires reversal. Contrary to the contention of Cybex on its appeal, the court properly permitted plaintiff to introduce evidence concerning other accidents involving exercise machines manufactured by Cybex inasmuch as those accidents were sufficiently similar to plaintiff's accident to warrant admission of that evidence (*see generally Hyde v County of Rensselaer*, 51 NY2d 927, 929). The court properly exercised its discretion in excluding the lay opinion testimony of plaintiff's patient characterizing plaintiff's conduct as "monkeying around" (*see Dombrowski v Moore*, 299 AD2d 949, 951). In addition, the court properly exercised its discretion in admitting in evidence a manual for a later model leg extension machine. The inability of Cybex and Amherst Orthopedic to locate the manual that accompanied the machine when it was delivered in 1981 or 1982 goes to the weight, not the admissibility, of the manual introduced by plaintiff (*see Altamirano v Door Automation Corp.*, 48 AD3d 308, 308-309).

Contrary to the contention of Cybex on its appeal and Amherst Orthopedic on its cross appeal, the court properly allowed the registered nurse who prepared plaintiff's life care plan to testify as an expert (*see generally Matott v Ward*, 48 NY2d 455, 459), and plaintiff's physical therapist was qualified to testify with respect to the medical necessity of certain items of equipment included in the life care plan (*see Matter of Layer v Novello*, 17 AD3d 1123, 1125). We conclude that the award of future medical expenses is supported by the evidence inasmuch as plaintiff presented "competent proof of necessary, anticipated medical costs" through those witnesses and her expert economist (*Petrilli v Federated Dept. Stores, Inc.*, 40 AD3d 1339, 1344). The evidence supports the findings of the jury with respect to plaintiff's life expectancy (*see Schifelbine v Foster Wheeler Corp.*, 4 AD3d 736, 738-739, *lv dismissed* 3 NY3d 656), as well as its award of future lost earnings, which is based in part on her life expectancy.

We agree with Cybex on its appeal and Amherst Orthopedic on its cross appeal, however, that the award of damages for future "care for potential children" is based entirely upon speculation and must be set aside (*see generally Presler v Compson Tennis Club Assoc.*, 27 AD3d 1096, 1097). We further agree with Cybex and Amherst Orthopedic that the jury's awards for past and future pain and suffering deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Based on the evidence presented at trial, we conclude that $3 million for past pain and suffering and $9 million for future pain and suffering are the maximum amounts the jury could have awarded (*see Bissell v Town of Amherst*, 56 AD3d 1144, 1148, *lv dismissed in part and denied in part* 12 NY3d 878; *Allison v Erie County Indus. Dev. Agency*, 35 AD3d 1159, 1160). We therefore modify the judgment

accordingly, and we grant a new trial on damages for past and future pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for past pain and suffering to $3 million and for future pain and suffering to $9 million, in which event the judgment is modified accordingly.

We have examined the remaining contentions of Cybex on its appeal and Amherst Orthopedics on its cross appeal and conclude that none requires reversal or further modification of the judgment.

Entered:  November 18, 2011                        Patricia L. Morgan
                                                   Clerk of the Court