Spivak-Bobko v Gregory Arms, LLC (2022 NY Slip Op 05420)

Spivak-Bobko v Gregory Arms, LLC

2022 NY Slip Op 05420

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.

628 CA 22-00152

[*1]ELENA SPIVAK-BOBKO, AS POWER OF ATTORNEY FOR IRINA RIFMAN, PLAINTIFF-RESPONDENT,
v
GREGORY ARMS, LLC, DEFENDANT-APPELLANT. 

GERBER CIANO KELLY BRADY LLP, BUFFALO (BRIAN R. BIGGIE OF COUNSEL), FOR DEFENDANT-APPELLANT.
KENNY & KENNY, PLLC, SYRACUSE (MICHAEL P. KENNY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered January 24, 2022. The judgment awarded plaintiff money damages after a nonjury trial. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by setting aside the verdict with respect to damages for future pain and suffering and as modified the judgment is affirmed without costs, and a new trial is granted on damages for future pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for future pain and suffering to $100,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff, as power of attorney for Irina Rifman, commenced this action seeking damages for injuries that then-78-year-old Rifman, a tenant residing in property owned by defendant, sustained when she was scalded by excessively hot water while she was in the bathtub in her apartment. Defendant appeals from a judgment entered upon a nonjury verdict finding that defendant was negligent, that defendant's negligence was a substantial factor in causing Rifman's "scalding/burn injuries," that Rifman was negligent, and that her negligence was a substantial factor in causing her injuries. Supreme Court attributed 90% of the fault to defendant and 10% of the fault to Rifman. The court awarded plaintiff, inter alia, damages for past pain and suffering in the amount of $450,000, and damages for future pain and suffering in the amount of $182,000 to cover a period of 9.1 years.
Our scope of review after a nonjury trial is as broad as that of the trial court (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Burke v Women Gynecology & Childbirth Assoc., P.C., 195 AD3d 1393, 1394 [4th Dept 2021]; Howard v Pooler, 184 AD3d 1160, 1163 [4th Dept 2020]). It is well settled, however, that the decision of a court following a nonjury trial should not be disturbed on appeal "unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993] [internal quotation marks omitted]).
Contrary to defendant's contention, the court properly determined that defendant was negligent and that defendant's negligence was a proximate cause of Rifman's injuries by applying the doctrine of res ipsa loquitur (see Durso v Wal-Mart Stores, 270 AD2d 877, 877 [4th Dept 2000]; see generally Kambat v St. Francis Hosp., 89 NY2d 489, 494 [1997]). The doctrine of res ipsa loquitur permits a factfinder to "infer negligence from the circumstances of the occurrence" (Kambat, 89 NY2d at 495). Here, the trial evidence established that Rifman's injury [*2]was of a type that "ordinarily does not occur in the absence of someone's negligence"; that it was "caused by an agency or instrumentality within the exclusive control of the defendant," i.e., the heater generating the excessively hot water; and that Rifman played no part in setting the water temperature (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226 [1986] [internal quotation marks omitted]). Defense witnesses testified that only maintenance employees had access to the water heater, which was kept in a locked room in the basement of defendant's building. It was not unreasonable for the court to conclude that, because the water heater was within defendant's exclusive control and Rifman's injury resulted from negligence related to the water heater's temperature setting, defendant was "more likely than not" to be at fault (Kambat, 89 NY2d at 494 [internal quotation marks omitted]). A plaintiff is "not obligated to eliminate every alternative explanation for the event" (id. at 497), and instead "must only show that the likelihood of other possible causes of the injury is so reduced that the greater probability lies at the defendant's door" (Lancia v Good Samaritan Hosp., 201 AD3d 913, 916 [2d Dept 2022]). Although a witness testified that the lock on the door had been changed and that there was a possibility that the room was left unlocked, the court also was free to reject the "theory of the 'phantom vandal' " (Nesbit v New York City Tr. Auth., 170 AD2d 92, 96 [1st Dept 1991]).
We agree with defendant, however, that the award of damages for future pain and suffering deviates materially from what would be reasonable compensation (see CPLR 5501 [c]). Based on the evidence presented at trial, we conclude that $100,000 for future pain and suffering damages is the maximum amount that the court could have awarded as reasonable compensation (see Barnhard v Cybex Intl., Inc., 89 AD3d 1554, 1557 [4th Dept 2011]; Bissell v Town of Amherst, 56 AD3d 1144, 1147-1148 [4th Dept 2008], lv denied in part and dismissed in part 12 NY3d 878 [2009]; Allison v Erie County Indus. Dev. Agency, 35 AD3d 1159, 1161 [4th Dept 2006]). We therefore modify the judgment accordingly, and we grant a new trial on damages for future pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for future pain and suffering to $100,000, in which event the judgment is modified accordingly.
We have examined defendant's remaining contention and conclude that it does not require reversal or further modification of the judgment.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court