Matter of Borrelli v Thomas (2023 NY Slip Op 02425)

Matter of Borrelli v Thomas

2023 NY Slip Op 02425

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CURRAN, BANNISTER, AND MONTOUR, JJ.

249 CA 21-01393

[*1]IN THE MATTER OF GLORIA BORRELLI, AS EXECUTOR OF THE ESTATE OF DANIEL J. THOMAS, DECEASED, AND DERIVATIVELY AS A SHAREHOLDER OF NEW YORK STATE FENCE CO., INC., PLAINTIFF-RESPONDENT,
v
TOM THOMAS, INDIVIDUALLY AND AS DIRECTOR AND OFFICER OF NEW YORK STATE FENCE CO., INC. AND NEW YORK STATE FENCE CO., INC., DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 

ADAMS LECLAIR LLP, ROCHESTER (ANTHONY J. ADAMS, JR., OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
PHILLIPS LYTLE LLP, BUFFALO (TARA M. WARD OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered August 30, 2021. The judgment granted the motion of plaintiff to dismiss defendants' second affirmative defense. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Plaintiff, as the executor of the estate of Daniel J. Thomas (decedent) and derivatively as a shareholder of New York State Fence Co., Inc. (NYSFC), brought this action seeking damages for, inter alia, breach of fiduciary duty against defendants. Defendants answered and moved, inter alia, to dismiss the amended complaint.
In appeal No. 1, defendants appeal from a judgment granting plaintiff's CPLR 4401 motion for judgment during trial and dismissing defendants' second affirmative defense. Because a final judgment in this action was entered subsequently, defendants' appeal from the intermediate judgment must be dismissed (see Matter of Aho, 39 NY2d 241, 248 [1976]; City of Syracuse v COR Dev. Co., LLC, 147 AD3d 1510, 1510 [4th Dept 2017]; see generally CPLR 5501 [a] [1]).
In appeal No. 2, plaintiff appeals from a judgment dismissing the amended complaint after a trial at which Supreme Court found that plaintiff did not own any stock in NYSFC and, therefore, lacked standing to bring a derivative cause of action on behalf of NYSFC. We affirm.
Plaintiff contends that she met her initial burden of establishing standing and that the burden therefore shifted to defendants to prove as an affirmative defense that she lacks standing. We reject that contention. It is well settled that a plaintiff does not have standing to bring a derivative action on behalf of a corporation unless they own stock in that corporation at the time the action is commenced (see Business Corporation Law § 626 [a], [b]). "Standing requirements are not mere pleading requirements but rather an indispensable part of the plaintiff's case and therefore each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof" (Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 306 [2009] [internal quotation marks omitted]; see also Matter of Niagara Preserv. Coalition, Inc. v New York Power Auth., 121 AD3d 1507, 1509 [4th Dept 2014], lv denied 25 NY3d 902 [2015]). Plaintiff therefore bore the burden of establishing [*2]standing to commence the derivative action. That defendants disputed plaintiff's standing at the trial did not render defendants' standing argument an affirmative defense that they were required to prove (see Palmier v United States Fid. & Guar. Co., 135 AD2d 1057, 1059 [3d Dept 1987]).
Plaintiff further contends that the court's determination that she lacked standing is not supported by a fair interpretation of the evidence. We disagree. When reviewing the findings of fact after a nonjury trial on the issue of standing, "this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (Matter of Pappas v Corfian Enters., Ltd., 76 AD3d 679, 679 [2d Dept 2010] [internal quotation marks omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). However, the trial court's decision should not be disturbed "unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (Spivak-Bobko v Gregory Arms, LLC, 208 AD3d 1603, 1604 [4th Dept 2022] [internal quotation marks omitted]). Here, a fair interpretation of the evidence supports the court's determination that the decedent had transferred his shares of NYSFC to defendant Tom Thomas as of 1998 and did not own any shares in NYSFC at the time of his death.
We have reviewed plaintiff's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court