Morrison v South Union RD HC, LLC (2024 NY Slip Op 01451)

Morrison v South Union RD HC, LLC

2024 NY Slip Op 01451

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

889 CA 23-00023

[*1]JAZMON MORRISON, PLAINTIFF-RESPONDENT,
v
SOUTH UNION RD HC, LLC, AND WILLIAMSVILLE SUBURBAN, LLC, DEFENDANTS-APPELLANTS. 

CAITLIN ROBIN & ASSOCIATES PLLC, NEW YORK CITY (DAVID LIM OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
ROSENTHAL, KOOSHOIAN & LENNON, LLP, BUFFALO (PETER M. KOOSHOIAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered December 16, 2022. The judgment, inter alia, awarded plaintiff monetary damages upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying plaintiff's motion for summary judgment in part with respect to the issue of the liability of defendant Williamsville Suburban, LLC and vacating the award of damages against that defendant, and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking to recover for personal injuries she allegedly sustained when she slipped and fell at a property owned by defendant South Union RD HC, LLC (South Union). At the time of plaintiff's fall, defendant Williamsville Suburban, LLC (Suburban) was operating a nursing care facility on the property. Plaintiff, who was employed as a hospice aide for a separate company, was on the property to provide care to a resident of the facility. The cause of plaintiff's fall is not in dispute. A maintenance worker employed by Suburban was using a floor cleaning solution in an adjacent room, and that solution seeped under the wall into the room where plaintiff and her patient were located. According to plaintiff's deposition testimony, plaintiff slipped on the cleaning solution, fell to the ground, and hit her head on the "hard floor," causing her to lose consciousness. The primary dispute during the first five-and-a-half years of this action centered on the severity of plaintiff's injuries.
Following discovery, plaintiff moved for summary judgment on the issue of defendants' liability. Defendants opposed the motion and cross-moved for summary judgment dismissing the amended complaint, asserting, for the first time, a theory that plaintiff was a special employee of Suburban and that her claims against Suburban should be dismissed under the exclusivity provisions of Workers' Compensation Law §§ 11 and 29 (6). With respect to South Union, defendants contended that it was an out-of-possession landlord with no duty to maintain, operate or manage the premises. Supreme Court granted plaintiff's motion and denied defendants' cross-motion, and the matter proceeded to trial on the issue of damages. Defendants now appeal from a judgment, entered upon a jury verdict, that, inter alia, awarded plaintiff monetary damages against both defendants, jointly and severally.
We agree with defendants that the court erred in granting that part of plaintiff's motion seeking summary judgment with respect to the issue of Suburban's liability, but we further conclude that, contrary to defendants' contention, the court properly denied their cross-motion insofar as it sought summary judgment dismissing the amended complaint against Suburban. Inasmuch as defendants' contentions concerning plaintiff's summary judgment motion and defendants' cross-motion are properly before us on this appeal (see United Church of Friendship v New York Dist. of Assemblies of God [appeal No. 2], 220 AD3d 1232, 1233 [4th Dept 2023]; [*2]see also Zane v Corbett, 82 AD3d 1603, 1607 [4th Dept 2011]), we first address defendants' contention that the court erred in determining that defendants failed to comply with 22 NYCRR former 202.8-g (a)-(c) by failing to submit, in response to the statement of material facts submitted by plaintiff on her motion, a counter statement of material undisputed facts. Although we agree with defendants that the court erred in failing to exercise its discretion in determining whether to deem admitted the assertions set forth in plaintiff's statement of material facts (see Hart v City of Buffalo, 218 AD3d 1140, 1150-1151 [4th Dept 2023]; Montgomery v Burlington Coat Factory of Tex., Inc., 217 AD3d 1410, 1411 [4th Dept 2023], lv denied 40 NY3d 908 [2023]; On the Water Prods., LLC v Glynos, 211 AD3d 1480, 1481 [4th Dept 2022]), we conclude that the error does not affect our determination on this appeal. The three assertions in plaintiff's statement of material facts were not genuinely disputed by defendants, and the evidence submitted by plaintiff and defendants established, as a matter of law, all three of those assertions.
With respect to the merits of that part of plaintiff's motion for summary judgment with respect to the issue of Suburban's liability, we conclude that, although plaintiff established as a matter of law that defendants were negligent and that their negligence caused injuries to plaintiff, defendants raised triable issues of fact whether plaintiff was a special employee of Suburban and, as a result, whether her claims against Suburban were precluded by the exclusivity provisions of Workers' Compensation Law §§ 11 and 29 (6) (see generally Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557-559 [1991]). Despite the fact that defendants failed to raise the Workers' Compensation Law defense in their pleadings or bill of particulars, we agree with defendants that Suburban did not waive its reliance on that defense. "The affirmative defense of workers' compensation may be waived 'only by a defendant ignoring the issue to the point of final disposition itself' " (Goodarzi v City of New York, 217 AD2d 683, 684 [2d Dept 1995], lv denied 87 NY2d 803 [1995]; see Miraglia v H & L Holding Corp., 67 AD3d 513, 514 [1st Dept 2009], lv dismissed in part & denied in part 14 NY3d 766 [2010], rearg denied 14 NY3d 881 [2010]; Garcia v Pepe, 42 AD3d 427, 429-430 [2d Dept 2007]). At the time defendants raised that defense, there was no final disposition.
We reject, however, defendants' contention that they were entitled to summary judgment dismissing plaintiff's amended complaint against Suburban. There are triable issues of fact whether plaintiff was a special employee of Suburban (see generally Thompson, 78 NY2d at 557-559; VeRost v Mitsubishi Caterpillar Forklift Am., Inc., 124 AD3d 1219, 1221 [4th Dept 2015], lv dismissed 25 NY3d 968 [2015]), and those issues of fact must be resolved before either plaintiff or Suburban could be entitled to judgment as a matter of law with respect to each other. Based on the foregoing, we modify the judgment by denying plaintiff's motion for summary judgment in part with respect to the issue of Suburban's liability and by vacating the award of damages against Suburban, and we remit the matter to Supreme Court for further proceedings on the amended complaint as asserted against Suburban.
With respect to the trial, we reject defendants' contention that the court erred in admitting in evidence a life care plan that had been prepared for plaintiff by a registered nurse and in permitting plaintiff's expert economist to testify using that plan. Although the plan was not signed by the nurse, contained errors in medication, and incorrectly stated that it was "based on the recommendations of the treating physicians . . . [and had] been reviewed, discussed, and approved by the treating physicians," the court properly determined that any such deficiencies did not render the plan or the expert economist's testimony related thereto inadmissible (see Barnhard v Cybex Intl., Inc., 89 AD3d 1554, 1556 [4th Dept 2011]; see also DuPont v State of New York, 19 Misc 3d 1144[A], 2008 NY Slip Op 51160[U], *21-23 [Ct Cl 2008]; see generally Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015]). Indeed, defendants' contentions "with respect to the accuracy of the entr[ies] in [the life care plan] go[ ] to the weight to be given to the [plan], not [its] admissibility" (Meegan v Progressive Ins. Co., 43 AD3d 182, 187 [4th Dept 2007]; see Tornatore v Cohen, 162 AD3d 1503, 1505-1506 [4th Dept 2018]).
We also reject defendants' contentions concerning the awards for past and future pain and suffering, future medical expenses, and future lost earnings. Contrary to defendants' contention, the awards for past and future pain and suffering do not "deviate[ ] materially from what would be reasonable compensation" (Lai Nguyen v Kiraly [appeal No. 2], 82 AD3d 1579, 1580 [4th Dept 2011] [internal quotation marks omitted]; see CPLR 5501 [c]; Huff v Rodriguez, 45 AD3d 1430, 1433 [4th Dept 2007]). "[B]ecause personal injury awards, especially those for pain and [*3]suffering, are not subject to precise quantification . . . , we look to comparable cases to determine at what point an award deviates materially from what is considered reasonable compensation" (Huff, 45 AD3d at 1433 [internal quotation marks omitted]; see Grasha v Town of Amherst, 191 AD3d 1286, 1287 [4th Dept 2021], lv denied 37 NY3d 906 [2021]). Here, the testimony and records admitted in evidence at trial establish that plaintiff's injuries had a profound effect on her physical condition and mental health. The evidence strongly supports the determination that plaintiff sustained severe and permanent injuries to her neck and brain. We conclude that the brain and neck injuries manifested themselves in objectively identifiable symptoms, justifying the awards for past and future pain and suffering (see e.g. Garrison v Lapine, 72 AD3d 1441, 1442-1444 [3d Dept 2010]; see also Grasha, 191 AD3d at 1288; Schmidt v Bartolotta, 17 AD3d 1162, 1163 [4th Dept 2005]; Reed v City of New York, 304 AD2d 1, 4, 7 [1st Dept 2003]).
We further conclude that "the award of future medical expenses is supported by the evidence inasmuch as plaintiff presented 'competent proof of necessary, anticipated medical costs' through [several] witnesses and her expert economist" (Barnhard, 89 AD3d at 1556; see McCullough v One Bryant Park, 189 AD3d 683, 684-685 [1st Dept 2020]; Tornatore, 162 AD3d at 1506). Moreover, "[a] jury award need not match the expert's assessment exactly, especially where[, as here,] the award was likely based on an age adjustment" (Lopez v City of New York, 192 AD3d 634, 640 [1st Dept 2021] [internal quotation marks omitted]; see Rivera v Montefiore Med. Ctr., 123 AD3d 424, 427 [1st Dept 2014], affd 28 NY3d 999 [2016]).
With respect to the award for future lost earnings, we reject defendants' contention that the award was based on speculation and is not supported by the record on appeal. "For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence, . . . [i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978] [emphasis added]). Not only did the proof at trial establish that plaintiff was unable to return to work at her former employment as a hospice aide, testimony and medical evidence established that it was unlikely plaintiff would ever be able to have gainful employment due to the severity of her injuries. Plaintiff and other witnesses testified concerning plaintiff's employment and income before the accident, her inability to function in the most rudimentary levels, and her loss of any potential earnings in the future. We thus conclude that the jury was presented with sufficient evidence about her present condition to reach a conclusion that plaintiff lacked any ability in the future to earn income via other types of employment (see Huff, 45 AD3d at 1433). Therefore, we cannot conclude that the jury's verdict on future lost earnings was "utterly irrational" or lacked sufficient evidentiary support (Cohen, 45 NY2d at 499).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court