IRWIN J. GREELISH, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, January 22, 1968.

*Whalen, McNamee, Creble & Nichols* (*Earl H. Gallup, Jr.,* of counsel), for appellant.

*Murphy, Aldrich, Guy, Broderick & Simon (Morris Simon* of counsel), for respondent.

HERLIHY, J. This is an appeal by the defendant from a judgment awarding damages to the plaintiff upon a jury verdict of $61,800.

The plaintiff sued for damages allegedly sustained when he fell on the property of the defendant and claimed to have been caused by the negligence of the defendant.

On January 6, 1961 the plaintiff, who was an occasional employee of the defendant, went to its passenger station located on Broadway in Albany, New York, to register for unemployment insurance. After parking his automobile he entered the station through the taxi tunnel or subway and while proceeding toward the main station, slipped and fell on what he identified as "caked grease" and which he did not see until after his fall because "It was hazy and dark. You couldn't see what, if anything was on the floor". At the time of the accident, due to a prior illness, the plaintiff walked with the aid of crutches.

The plaintiff testified that he was familiar with the main passenger entrance to the station located on Broadway, having used it on many occasions, but he had also used the taxi tunnel on prior occasions. He knew that the tunnel was used primarily by taxis; that it was poorly lighted and that on occasions during the day the lights inside the tunnel were turned off and while he testified that he had never observed oil or grease on the floor of the tunnel, on this particular occasion he could not see the floor. The accident happened in January and there was evidence of snow and slush on the floor. There was testimony that it was the primary duty of the taxi company to keep the floor of the tunnel clean.

While the record would sustain a finding of negligence as to the defendant, it is the railroad's contention that the plaintiff was guilty of contributory negligence as a matter of law. As to this issue, a marshaling of the facts, which the trial court failed to do in its charge, is essential to our determination.

Giving the plaintiff the benefit of all of the evidence and reasonable inferences therefrom, the following appears, in most instances, uncontradicted.

The plaintiff knew the physical layout of the railroad station; that there was a passenger entrance from Broadway; that the taxi tunnel was primarily for that purpose and that there were no sidewalks therein but only the floor over which travelled the taxis; that it was not overly illuminated and that on the day in question "It was dark and hazy all through there except the

front entrance ''; and that if there were any grease, snow or slush or other foreign substance on the floor, he could not see it before he fell. The entrance to the tunnel is at right angles to the runway and the plaintiff was familiar with the conditions existing therein.

The proof establishes that the plaintiff was an invitee and that the defendant owed him the duty of reasonable care. If he had used the passenger entrance to the station and it was poorly lighted and there was grease on the floor of the entrance, we would not say that he was guilty of contributory negligence as a matter of law. But when, as here, with knowledge he elected for no apparent reason to enter the station through the taxi tunnel not required to be illuminated vis-a-vis the passenger entrance and then proceeded in the dark to walk on the floor customarily travelled by taxis, he must have known that the same degree of maintenance and care could not be expected or demanded. (See *Garthe* v. *Ruppert,* 264 N. Y. 290, 295.) When, under the facts and circumstances shown in the record, the plaintiff elected to proceed in the dark without any reason for not turning back, he then assumed the risk that the floor might have foreign substances thereon and is guilty of contributory negligence as a matter of law. (See *Fillis* v. *Wahlig,* 267 App. Div. 781, affd. 293 N. Y. 710; *Owen* v. *Westchester Country Club,* 264 App. Div. 796, affd. 289 N. Y. 819.)

Here the facts work in plaintiff's favor in establishing the negligence of the defendant, but the same facts work against him in establishing his contributory negligence. (See *Nucci* v. *Warsaw Constr. Corp.,* 12 N Y 2d 16, 19.)

In this day and age, contributory negligence as a matter of law is usually established only upon unusual or exceptional factual situations, but it maintains vitality in such circumstances. (Cf. *Avery* v. *Order of St. Basil,* 27 A D 2d 481, 483; *Gallagher* v. *St. Raymonds Roman Catholic Church,* 27 A D 2d 933; *Kirk* v. *Kiernan,* 27 A D 2d 546.)

Lastly, the failure of the defendant to except to the charge of the court is neither binding nor controlling on this court since the action should have been dismissed on the motion made at the end of the plaintiff's case and renewed at the close of all of the evidence.

We would further note that in actions where the factual situations are decisive in determining the issues of negligence and contributory negligence, the jury should be instructed in reasonable detail as to such issues and a *pro forma* charge, such as given in the present action, is neither legally sufficient nor

helpful to a jury in fairly assessing the issues, particularly on the controlling issue of contributory negligence.

The judgment should be reversed, on the law and the facts, and the complaint dismissed, without costs.

GIBSON, P. J., REYNOLDS, STALEY, JR., and GABRIELLI, JJ., concur.

Judgment reversed, on the law and the facts, and complaint dismissed, without costs.