# FOURTH DEPARTMENT, MAY, 1983

## (May 25, 1983)

■ SODUS MANUFACTURING CORPORATION et al., Appellants, v MARY I. REED, Individually and as Executrix of DELIA J. IRVINE, Deceased, et al., Respondents. — Order unanimously modified to grant plaintiffs' motion to dismiss defendants' first, fifth and eighth counterclaims and, as modified, affirmed, without costs. Memorandum: Plaintiffs Sodus Manufacturing Corp. (Sodus) and its agent, Thomas, purchased a family business known as Irvine Enterprises, Inc., from Delia Irvine, wife of the deceased former owner. Following the purchase Thomas claims to have discovered that a number of corporate checks had been issued to Delia Irvine and that a number of additional payments had been made for the benefit of defendants Mary Irvine Reed and John T. Irvine, Jr., totaling over $10,000. Unable to arrive at a satisfactory settlement, plaintiffs commenced this action seeking a declaratory judgment and recovery of money damages. Shortly after serving her answer, Delia Irvine died of cancer. Mary Irvine Reed, individually and as executrix for Delia Irvine, and John T. Irvine, Jr., served an amended verified answer containing a number of counterclaims, three of which are the subject of this appeal. Plaintiffs moved for various relief, including summary judgment dismissing various counterclaims. Special Term properly dismissed defendants' third and fourth counterclaims but erred in denying plaintiffs' motion to dismiss counterclaims for wrongful death, intentional infliction of emotional distress, and anticipatory breach. The counterclaim seeking damages for wrongful death asserts that plaintiffs caused Delia Irvine's death by malicious prosecution of this lawsuit. Inasmuch as Special Term, in dismissing the counterclaims for malicious prosecution, determined that the action was commenced for legitimate purposes, the wrongful death counterclaim should have been dismissed as well. Defendants' counterclaim for intentional infliction of emotional distress must similarly fail. Viewing the facts in a light most favorable to defendants, there is nothing in the record to suggest that plaintiffs' conduct exceeded all reasonable bounds of decency (see *Wiener v Wiener*, 84 AD2d 814, 815) or was otherwise extreme and outrageous (see *Fischer v Maloney*, 43 NY2d 553, 557) so as to state a cognizable cause of action. Nor is a cause of action for prima facie tort established, because there is no showing that plaintiffs intentionally sought to harm defendant without excuse or justification (*ATI, Inc. v Ruder & Finn*, 42 NY2d 454, 458). Special Term also erred in failing to grant summary judgment dismissing the counterclaim alleging anticipatory breach. That doctrine is "limited ordinarily to bilateral contracts embodying some mutual and interdependent conditions and obligations" (*Long Is. R. R. Co. v Northville Inds. Corp.*, 41 NY2d 455, 463, quoting Restatement,

Contracts, § 318). The doctrine of anticipatory breach evolved as a defense in order to excuse an injured party from performance of its own obligations under a contract once it has been repudiated by the other party and "the theoretical basis for not applying it to * * * bilateral contracts that have been fully performed by the injured party is that its application is unnecessary to such contracts" (*Long Is. R.R. Co. v Northville Inds. Corp., supra,* p 464). Defendants argue that they have stated an actionable claim for anticipatory breach because Delia Irvine was obligated under an employment contract which required her to perform certain services, to refrain from competing with Sodus or revealing its trade secrets. These obligations were entirely personal in nature however, and terminated upon Delia Irvine's death. Hence, defendants have no future obligations under the contract and their remedy is limited to an action for breach of contract. (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J. — dismiss counterclaim — declaratory judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.