FOURTH DEPARTMENT, MARCH, 1985

(March 1, 1985)

 MURRAY COHEN et al., as Administrators of the Estate of STEPHEN COHEN, Deceased, Respondents, v ST. REGIS PAPER

COMPANY et al., Appellants and Third-Party Respondents. SKIPPY ICE CREAM CORP., Third-Party Appellant. — Upon remittitur from the Court of Appeals, judgment against defendant Red Diamond Dry Ice and $CO_2$ Corp. affirmed, with costs. Memorandum: In our earlier disposition of this appeal, we reversed the judgment and dismissed the complaint as against Red Diamond Dry Ice and $CO_2$ Corp. We stated that it was undisputed that the warnings given by Red Diamond to Skippy Ice Cream Corporation, decedent's employer, were communicated by Skippy to decedent. We concluded therefrom that if there was "any negligence on the part of Red Diamond it was not not the proximate cause of decedent's death." (*Cohen v St. Regis Paper Co.*, 99 AD2d 659, 660.) The Court of Appeals reversed, noting first that the jury could have found that Skippy's president did not communicate the warnings to decedent and in that event there would be no support for the pivotal factual predicate on which our decision was grounded. The Court of Appeals further stated that "under the charge given by the trial court the jury could have found Red Diamond liable irrespective of whether Skippy Ice Cream adequately warned the decedent or negligently failed to do so" (*Cohen v St. Regis Paper Co.*, 64 NY2d 656, 658). The case was remitted to us for consideration of other issues raised by Red Diamond but not previously resolved.

We have already stated that the "duty of Red Diamond as a supplier of dry ice, an item known by it to be dangerous for the use for which it was supplied, was to exercise reasonable care to give warnings of the dangers not only to the purchaser, Skippy, but to Skippy's employees" (*Cohen v St. Regis Paper Co.*, 99 AD2d 659, 660, *supra*). The dissenter's suggestion that Red Diamond's duty to warn did not, as a matter of law, extend to the individual employees of Skippy is clearly unfounded (*Cover v Cohen*, 61 NY2d 261; *Frederick v Niagara Mach. & Tool Works*, 107 AD2d 1063) and is incompatible with the decision of the Court of Appeals remitting the case to this court (*Cohen v St. Regis Paper Co.*, 64 NY2d 656, *supra*).

It is clear from this record that Red Diamond gave no warning to the decedent of the known dangers of dry ice, and the jury so found. The question of whether Red Diamond's failure to warn decedent was a proximate cause of decedent's injuries and death was properly, and without objection, presented to the jury (*compare, Sheehan v City of New York*, 40 NY2d 496, *with Sewar v Gagliardi Bros. Serv.*, 51 NY2d 752), and answered in the affirmative. Red Diamond now argues that although the Trial Judge agreed to its counsel's request to charge on proximate cause, the court did not, in giving the charge, literally follow

counsel's request. Counsel raised no objection to the charge as given, and, in any event, the charge was correct and in substantial accord with the request.

Red Diamond also argues that the court's charge on the subject of intervening or superseding cause was erroneous and requires reversal. We disagree. Although the Trial Judge did not marshal the evidence as such, he did summarize the testimony of the expert witnesses and he did present the contentions and legal positions of the parties. Against this background, and read in context with the entire charge, the instruction on intervening cause was not an abstraction and its relationship to the evidence was readily apparent. In sum, the charge was not confusing to the jury and it satisfied the standards of *Green v Downs* (27 NY2d 205). In rendering its verdict, the jury responded to written interrogatories. It found, *inter alia,* that both Red Diamond and Skippy were negligent, and that the negligence of each was a proximate cause of decedent's suffering and death. On this record, and under the charge as given, it cannot be said that the doctrine of intervening or superseding cause, and its application to this case, was not made clear to the jury.

We also reject Red Diamond's contention that the court erred in precluding its counsel from asking leading questions of George Jesmer, president of Skippy. As to the issues involved, Jesmer was not an adverse witness (*see,* Richardson, Evidence § 485 [Prince 10th ed]). Skippy could only have been found liable on Red Diamond's third-party claim, and, therefore, it was to Skippy's advantage that Red Diamond be absolved of liability.

Finally, we conclude that the awards for wrongful death and conscious pain and suffering were not excessive.

All concur, except Boomer, J., who dissents and votes to reverse and dismiss the complaint against Red Diamond Dry Ice and $CO_2$ Corp., in the following memorandum:

Boomer, J. (dissenting). I respectfully dissent. "[T]he failure of the defendant to except to the charge of the court is neither binding nor controlling on this court since the action should have been dismissed on the motion made at the end of the plaintiff's case and renewed at the close of all of the evidence." (*Greelish v New York Cent. R. R. Co.,* 29 AD2d 159, 161, *affd* 23 NY2d 903.)

In my view, plaintiff failed to sustain his burden of proving that defendant, Red Diamond, was negligent, and further, that the negligence, if any, was the proximate cause of decedent's death. The evidence shows, not only from the testimony of the representative of Red Diamond and the testimony of the president of Skippy Ice Cream, but also from the testimony of past

and present employees of Skippy and from the warning labels on the blocks of dry ice, that the president of Skippy was aware of the dangers of dry ice, including the danger of suffocation from inhaling its fumes. Knowledge of the dangers possessed by decedent's employer, Skippy, protected Red Diamond from its failure to warn the decedent where Skippy had the means and opportunity to do so (*see, McLaughlin v Mine Safety Appliances Co.*, 11 NY2d 62, 72). As a distributor of dry ice, a dangerous product, Red Diamond had a duty to take reasonable precautions to warn those who would be expected to use it, including the decedent. However, here it would be unreasonable to require Red Diamond to see to it that each user was individually notified. "To do so would visit upon [it] a burden impossible to carry." (*Weekes v Michigan Chrome & Chem. Co.*, 352 F2d 603, 607.) I reject plaintiff's contention that Red Diamond was required to take additional steps to warn decedent, such as supplying warning labels to be attached to Skippy's freezers (*see, Burton v Smith Foundry Prods. Co.*, 529 F2d 108, 111-112; *Reed v Pennwalt Corp.*, 22 Wn App 718, 722-723, 591 P2d 478, 481, *appeal dismissed* 93 Wn 2d 5, 604 P2d 164).

Although Red Diamond may have had a duty, in addition to placing a written warning on its product, to *see* that its vendee, Skippy, was aware of the dangers of dry ice so that Skippy could warn its employees (*see*, 63 Am Jur 2d, Products Liability, § 334), any breach of that duty was not the proximate cause of decedent's death. Skippy was aware of those dangers and its failure to warn decedent was not the result of Red Diamond's failure, if any, to inform Skippy of facts Skippy already knew.

Although I would dismiss the action against Red Diamond for failure of proof, I find the court's instruction on intervening cause inadequate. Not only did it fail to state the principle of intervening cause in a manner comprehensible to the jury, but it failed to relate the evidence to the legal principle involved (*see, Green v Downs*, 27 NY2d 205, 208). (Resubmission of appeal from judgment of Supreme Court, Monroe County, Davis, J. — wrongful death.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.