■ David P. Rickicki et al., Appellants, v Borden Chemical, Division of Borden, Inc., et al., Defendants, and Unimin Corporation et al., Respondents. (Action No. 1.) Michael C. Crowley et al., appellants, v C-E Minerals, Inc., et al., Defendants, and NYCO Minerals Company et al., Respondents. (Action No. 2.) (Appeal No. 2.) [876 NYS2d 791]—

Appeals from an order of the Supreme Court, Cattaraugus County (Patrick H. NeMoyer, J.), entered April 12, 2007. The order granted the motions of defendants-respondents for summary judgment dismissing the complaints and cross claims against them.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motions in part and reinstating the negligence and products liability causes of action insofar as those causes of action are based on failure to warn and the loss of consortium claims against defendants Unimin Corporation and U.S. Silica Company in action No. 1 and against defendants NYCO Minerals Company, Unimin Corporation, U.S. Silica Company, Meyers Chemicals, Malvern Minerals Company, Ferro Corporation, Charles B. Chrystal Co., Inc., and Unimin Specialty Minerals, Inc. in action No. 2 and as modified the order is affirmed without costs.

Memorandum: David P. Rickicki and Patricia Rickicki, the plaintiffs in action No. 1, and Michael C. Crowley and Sharon M. Crowley, the plaintiffs in action No. 2, appeal from an order

granting the motions of defendants-respondents (hereafter, defendants) for summary judgment dismissing the complaints and cross claims against them. The plaintiffs commenced these actions seeking damages for injuries sustained by plaintiff husbands resulting from their inhalation of silica dust while working for Dexter Corporation, Hysol Division (Dexter). Defendants are the manufacturers of the silica. We note at the outset that plaintiffs on appeal have raised no issues with respect to the dismissal of their causes of action for breach of warranty and nuisance and thus are deemed to have abandoned any such issues (*see Palmer v Niagara Frontier Transp. Auth.*, 56 AD3d 1245 [2008]; *Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

We agree with the plaintiffs in each action that Supreme Court erred in granting those parts of defendants' motion for summary judgment dismissing the causes of action in each complaint for negligence and products liability insofar as those causes of action are based on defendants' failure to warn plaintiff husbands of the latent dangers of silica dust inhalation (*see generally Gebo v Black Clawson Co.*, 92 NY2d 387, 392 [1998]; *Codling v Paglia*, 32 NY2d 330, 335 [1973]). We therefore modify the order accordingly. Although each complaint contains five causes of action, each including a claim for loss of consortium, the court in its written decision set forth that each complaint contained four causes of action, i.e., negligence, breach of warranty, "strict liability" and nuisance, thus presumably folding the failure to warn causes of action into the negligence and/or "strict liability" causes of action, and the court did not mention the loss of consortium claims.

We cannot agree with defendants that they met their burden with respect to the negligence and products liability causes of action by establishing as a matter of law that they provided adequate warnings of the dangers of silica inhalation to Dexter. According to defendants, Dexter was a "sophisticated intermediary" already knowledgeable of such dangers and was in the best position to take safety measures for its employees (*see Goodbar v Whitehead Bros.*, 591 F Supp 552, 556-557 [1984], *affd sub nom. Beale v Hardy*, 769 F2d 213 [1985]). Even assuming arguendo, that what has been termed the "sophisticated intermediary" or "responsible intermediary" theory is viable in New York under the facts of this case (*see Rivers v AT&T Tech.*, 147 Misc 2d 366, 371-372 [1990]), we conclude that plaintiffs raised a triable issue of fact with respect thereto (*see generally Zuckerman v City of New* York, 49 NY2d 557, 562 [1980]). The plaintiffs submitted the affidavit of an expert setting forth the differences

between amorphous silica and crystalline silica, the effect that those two categories of silica have on lung health, and the additional measures needed to prevent inhalation of crystalline silica. That affidavit raises an issue of fact whether Dexter was knowledgeable about those differences and, thus, whether defendants' failure to warn with respect to those differences was a proximate cause of the injuries sustained by plaintiff husbands (*see generally Banks v Makita, U.S.A.*, 226 AD2d 659, 660 [1996], *lv denied* 89 NY2d 805 [1996]; *Johnson v Johnson Chem. Co.*, 183 AD2d 64, 70 [1992]). Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.