# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

606

CA 10-02497

PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

RUSTIN R. HOWARD, PLAINTIFF-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

BIOWORKS, INC., DEFENDANT-APPELLANT.

---

LECLAIR KORONA GIORDANO COLE LLP, ROCHESTER (STEVEN E. COLE OF COUNSEL), FOR DEFENDANT-APPELLANT.

WOODS OVIATT GILMAN LLP, ROCHESTER (ANDREW J. RYAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered March 11, 2010 in a breach of contract action. The order granted the motion of plaintiff for summary judgment on the issue of liability and otherwise denied the motion of plaintiff and the cross motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this breach of contract action alleging that defendant failed to pay him deferred compensation in the amount of $19,800 for prior services that he performed in accordance with the parties' written agreement. Pursuant to the agreement, defendant was obligated to pay plaintiff that sum "only at a time or times determined by [defendant's] Board of Directors . . . in its sole and absolute discretion, after consideration of [its] liquidity and financial performance." The agreement also provided in relevant part that, "[a]s a material part of the consideration for this agreement [for deferred compensation]," plaintiff agreed to release, inter alia, defendant and its officers from "all claims or causes of action" that plaintiff had or may have in the future by reason of his employment with defendant. It is undisputed that defendant has not yet satisfied the obligation owed to plaintiff.

Plaintiff thereafter moved for summary judgment on the complaint, seeking the amount of $19,800 plus interest for deferred compensation, and defendant cross-moved for summary judgment dismissing the complaint. We conclude that Supreme Court properly granted that part of plaintiff's motion for summary judgment on liability only, inasmuch as there is an issue of fact with respect to the amount of damages, and denied defendant's cross motion. The record establishes as a matter of law that there was an anticipatory repudiation of the

agreement by defendant, based on defendant's " 'overt communication of intention' not to perform" agreed-upon obligations (*Tenavision, Inc. v Neuman*, 45 NY2d 145, 150; *see generally Long Is. R.R. Co. v Northville Indus. Corp.*, 41 NY2d 455, 463-464; *Ryan v Corbett*, 30 AD3d 1062, 1063). Indeed, the record establishes that, when plaintiff inquired whether defendant intended to satisfy the obligation in question, he was informed in writing by defendant's president that, upon considering the matter, "the Board did not believe that paying [plaintiff the amount allegedly due] was a proper use of corporate funds." Furthermore, the Board issued a resolution providing that "after consideration of the applicable six-year contract statute of limitations . . . this account should be removed from the liability section of this corporation's balance sheet." We thus conclude that defendant thereby unequivocally communicated its intent not to perform under the agreement (*see Norcon Power Partners v Niagara Mohawk Power Corp.*, 92 NY2d 458, 462-463; *Tenavision, Inc.*, 45 NY2d at 150; *see generally O'Connor v Sleasman*, 14 AD3d 986, 987-988). Our conclusion is further supported by the fact that the record contains an affidavit of defendant's president asserting "that it was unlikely that [defendant] would ever make payments to plaintiff under [the a]greement." Plaintiff is therefore entitled to damages for total breach (*see Long Is. R.R. Co.*, 41 NY2d at 463).

Contrary to defendant's further contentions, we conclude that the doctrine of anticipatory repudiation applies to the agreement in question. The agreement was bilateral in nature, rather than unilateral (*id.* at 463-464), and was not for the payment of money only, inasmuch as plaintiff agreed to release all claims he may have had against defendant in consideration for the deferred compensation (*id.* at 466). "The question is whether, at the time of the repudiation, there existed some dependency of obligation . . . If the obligations are interdependent, a claim may lie to recover money payable in the future" (*id.*). Defendant's reliance on *Sodus Mfg. Corp. v Reed* (94 AD2d 932) is misplaced. In that case, the defendants had no "future obligations under the contract" at issue because the defendant promisor died, effectively terminating her contractual obligations to perform services and to refrain from competing with one of the plaintiffs (*id.* at 933).

Entered: April 29, 2011                         Patricia L. Morgan
                                                Clerk of the Court