# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1344**
**CA 11-01016**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

WILLIAM JOHNSON, PLAINTIFF-RESPONDENT,

                 V                            MEMORANDUM AND ORDER

UNIFIRST CORPORATION, DEFENDANT-APPELLANT.

---

DAMON MOREY LLP, BUFFALO (MICHAEL L. AMODEO OF COUNSEL), AND MCGAW, ALVENTOSA & ZAJAC, JERICHO, FOR DEFENDANT-APPELLANT.

LYNN LAW FIRM, LLP, SYRACUSE (PATRICIA A. LYNN-FORD OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered October 8, 2010 in a personal injury action. The order denied the motion of defendant for summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the first and third causes of action as well as the second cause of action insofar as it is predicated on the theory of defective design and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when, during the course of his employment as a welder with Derrick Corporation (Derrick), his uniform caught fire. The uniform was supplied by defendant to Derrick's employees pursuant to a "Customer Service Agreement" (Agreement) between defendant and Derrick. Plaintiff asserted causes of action for negligence, strict products liability and breach of the implied warranties of merchantability and fitness for a particular purpose.

We agree with defendant that Supreme Court erred in denying those parts of its motion seeking summary judgment dismissing the first and third causes of action alleging, respectively, negligence and breach of the implied warranties of merchantability and fitness for a particular purpose. We therefore modify the order accordingly. With respect to the negligence cause of action, defendant established as a matter of law that it owed no duty to plaintiff to provide or recommend flame resistant uniforms (*see generally Faery v City of Lockport*, 70 AD3d 1375, 1376; *Johnson v Transportation Group, Inc.*, 27 AD3d 1135, 1136). Defendant also "met [its] initial burden of establishing that the [uniform] was fit and reasonably safe for the ordinary purposes for which it was to be used", thus warranting

judgment in its favor on the cause of action for breach of implied warranties (*Wesp v Carl Zeiss, Inc.*, 11 AD3d 965, 968).  Plaintiff's submissions in opposition were insufficient to raise a triable issue of fact with regard to those two causes of action (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

The court further erred in denying that part of defendant's motion seeking summary judgment dismissing the second cause of action, alleging strict products liability, insofar as that cause of action is predicated on the theory of defective design.  Defendant submitted evidence that it offered flame resistant uniforms to Derrick, and that Derrick, which was in the best position to evaluate the needs of its employees, made a deliberate decision not to make defendant's flame resistant uniforms available to its employees.  Instead, Derrick obtained flame resistant garments from another vendor.  That evidence was sufficient to establish as a matter of law that defendant fulfilled its duty not to market or supply a defective product, and plaintiff failed to raise an issue of fact (*see Dick v NACCO Materials Handling Group, Inc.*, 37 AD3d 1108, 1109; *Geddes v Crown Equip. Corp.*, 273 AD2d 904).  We therefore further modify the order accordingly.

We conclude, however, that the court properly denied that part of defendant's motion seeking summary judgment dismissing the strict products liability cause of action insofar as that cause of action is predicated on the theory of failure to warn.  "[I]n all but the most unusual circumstances, the adequacy of a warning is a question of fact" to be determined at trial (*Nagel v Brothers Intl. Food, Inc.*, 34 AD3d 545, 547 [internal quotation marks omitted]; *see Repka v Arctic Cat, Inc.*, 20 AD3d 916, 918).  Defendant had an independent duty, irrespective of the duty undertaken by Derrick under the Agreement, to warn employees that the uniforms were not flame resistant (*see Cohen v St. Regis Paper Co.*, 109 AD2d 1048, 1049, *affd* 65 NY2d 752; *Billsborrow v Dow Chem.*, 177 AD2d 7, 17), and defendant failed to establish as a matter of law that the uniform label provided an adequate warning with respect to the flammability of the fabric (*see generally Cover v Cohen*, 61 NY2d 261, 276-277).  Contrary to defendant's contention, moreover, the admitted failure of plaintiff to read the label on his uniform does not necessarily sever the causal connection between the alleged inadequacy of the warning and the occurrence of the accident (*see Vail v Kmart Corp.*, 25 AD3d 549, 551; *Johnson v Johnson Chem. Co.*, 183 AD2d 64, 71).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court