# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1111
CA 12-00432
PRESENT: FAHEY, J.P., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

RUSTIN R. HOWARD, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

BIOWORKS, INC., DEFENDANT-RESPONDENT.

WOODS OVIATT GILMAN LLP, ROCHESTER (ANDREW J. RYAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LECLAIR KORONA GIORDANO COLE LLP, ROCHESTER (STEVEN E. COLE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered November 21, 2011 in a breach of contract action. The order and judgment granted plaintiff money damages of $1 and directed defendant to reflect a noninterest bearing monetary obligation to plaintiff of $19,800 on its balance sheet until paid.

It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by vacating the award of damages of $1 and ordering that judgment be entered for plaintiff in the amount of $19,800, together with interest commencing December 22, 2005, and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this breach of contract action alleging that defendant failed to pay him deferred compensation in the amount of $19,800 for prior services that he performed in accordance with the parties' written agreement. We determined on a prior appeal that the record established as a matter of law that there was an anticipatory repudiation of the agreement by defendant and that "Supreme Court properly granted that part of plaintiff's motion for summary judgment on liability only, inasmuch as there is an issue of fact with respect to the amount of damages" (*Howard v BioWorks, Inc.*, 83 AD3d 1588, 1588). Thereafter, the court conducted a nonjury trial on damages. Plaintiff appeals from an order and judgment that, inter alia, awarded him nominal damages in the amount of one dollar.

We reject plaintiff's contention that our prior decision is the law of the case with respect to the amount of damages resulting from defendant's breach of the agreement inasmuch as we did not decide the issue of the amount of damages to be awarded but, rather, expressly held that an issue of fact existed in that regard (*id.; see Puckett v County of Erie* [appeal No. 3], 262 AD2d 966, 967). We agree with

plaintiff's further contention, however, that the court erred in awarding only nominal damages.  As we stated in the prior decision, plaintiff was "entitled to damages for total breach" (*Howard*, 83 AD3d at 1589).  The record establishes that defendant breached the parties' agreement on December 22, 2005, when it informed plaintiff in an unequivocal fashion that it never intended to pay him the amount agreed upon in the contract.  Based on that date, we conclude that plaintiff is entitled to damages in the amount of $19,800, together with interest commencing December 22, 2005, and we modify the order and judgment accordingly.

Entered:  February 1, 2013                      Frances E. Cafarell
                                                Clerk of the Court