Rickicki v Borden Chem. (2018 NY Slip Op 01829)





Rickicki v Borden Chem.


2018 NY Slip Op 01829


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.


1098 CA 15-02155

[*1]PATRICIA A. RICKICKI, INDIVIDUALLY, AND AS EXECUTRIX OF THE ESTATE OF DAVID P. RICKICKI, DECEASED, PLAINTIFF-APPELLANT,
v
BORDEN CHEMICAL, DIVISION OF BORDEN, INC., ET AL., DEFENDANTS, UNIMIN CORPORATION AND U.S. SILICA COMPANY, DEFENDANTS-RESPONDENTS. (ACTION NO. 1.) 
MICHAEL C. CROWLEY AND SHARON M. CROWLEY, PLAINTIFFS-APPELLANTS,
v
C-E MINERALS, INC., ET AL., DEFENDANTS, UNIMIN CORPORATION, UNIMIN SPECIALTY MINERALS, INC., MEYERS CHEMICALS, U.S. SILICA COMPANY, MALVERN MINERALS COMPANY, FERRO CORPORATION, NYCO MINERALS COMPANY AND CHARLES B. CHRYSTAL CO., INC., DEFENDANTS-RESPONDENTS. (ACTION NO. 2.) (APPEAL NO. 1.) 






PAUL WILLIAM BELTZ, P.C., BUFFALO (WILLIAM A. QUINLAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
NATHAN A. SCHACHTMAN, ESQ., P.C., NEW YORK CITY (NATHAN A. SCHACHTMAN OF COUNSEL), BOND SCHOENECK & KING, PLLC, BUFFALO, AND SMITH, MURPHY & SCHOEPPERLE, LLP, FOR DEFENDANTS-RESPONDENTS UNIMIN CORPORATION, UNIMIN SPECIALTY MINERALS, INC., MEYERS CHEMICALS, AND U.S. SILICA COMPANY. 
ANSPACH MEEKS ELLENBERGER LLP, BUFFALO (DAVID M. STILLWELL OF COUNSEL), FOR DEFENDANT-RESPONDENT MALVERN MINERALS COMPANY.
BARCLAY DAMON LLP, BUFFALO (VINCENT G. SACCOMANDO OF COUNSEL), FOR DEFENDANT-RESPONDENT FERRO CORPORATION.
GOLDBERG SEGALLA LLP, ROCHESTER (RAUL E. MARTINEZ OF COUNSEL), FOR DEFENDANTS-RESPONDENTS NYCO MINERALS COMPANY AND CHARLES B. 

THE TARANTINO LAW FIRM, LLP, BUFFALO (ANN M. CAMPBELL OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT DEXTER HYSOL, INC. 


Appeal from an order of the Supreme Court, Cattaraugus County (Patrick H. NeMoyer, J.), entered March 26, 2015. The order granted the motions and cross motions of defendants-respondents for summary judgment dismissing the complaints against them.
It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the motions and cross motions are denied, and the negligence and products liability causes of action insofar as those causes of action are based on failure to warn, as well as the loss of consortium claims, are reinstated against the respective defendants-respondents in action Nos. 1 and 2.
Memorandum: Patricia A. Rickicki and David P. Rickicki commenced action No. 1 and Michael C. Crowley and Sharon M. Crowley commenced action No. 2 against various silica manufacturers, including defendants-respondents (defendants), seeking damages for injuries allegedly sustained by David Rickicki and Michael Crowley (hereafter, injured workers) as a result of their exposure to silica dust while they were working for Dexter Corporation, Hysol Division (Dexter) (Rickicki v Borden Chem., 60 AD3d 1276, 1277 [4th Dept 2009]). The Rickickis and the Crowleys alleged, inter alia, that defendants were negligent because they did not adequately warn the injured workers of the latent dangers of silica dust inhalation. In 2006, defendants moved for summary judgment dismissing the complaints against them and contended, as relevant here, that they could not be held liable on a failure to warn theory inasmuch as Dexter was a "sophisticated user" that was fully aware of the dangers of silica inhalation. Supreme Court granted the motions and dismissed the complaints against defendants, but we modified that order on a prior appeal by reinstating the negligence and products liability causes of action against defendants insofar as they were based on the failure to warn, as well as the loss of consortium claims against defendants (id. at 1276). We assumed, arguendo, that the theory underlying the motions, which "has been termed the sophisticated intermediary' or responsible intermediary' theory" (hereafter, sophisticated intermediary doctrine), was "viable in New York under the facts of this case," but nonetheless concluded that issues of fact existed with respect to whether Dexter was knowledgeable about "the differences between amorphous silica and crystalline silica, the effect that those two categories of silica have on lung health, and the additional measures needed to prevent inhalation of crystalline silica" (id. at 1277-1278).
David Rickicki died in 2013, and Patricia Rickicki was substituted as a plaintiff in her capacity as executrix of his estate. Defendants again moved and cross-moved in 2014 for summary judgment dismissing the complaints against them and submitted evidence purporting to establish Dexter's knowledge of the matters discussed in our prior decision. The court again granted the motions and cross motions, determining that the record established Dexter's sophistication as a matter of law, that "the sophisticated intermediary doctrine was tailor-made for the situation at bar," and that defendants thus had no duty to convey warnings directly to the injured workers. The court further determined that any failure to warn was not a proximate cause of the injuries sustained by the injured workers. Plaintiffs appeal.
We now resolve the issue left open on the prior appeal by declining to recognize the sophisticated intermediary doctrine under the facts of this case (cf. Bergfeld v Unimin Corp., 319 F3d 350, 353-355 [8th Cir 2003]; Goodbar v Whitehead Bros., 591 F Supp 552, 566-567 [WD Va 1984], affd sub nom. Beale v Hardy, 769 F2d 213 [4th Cir 1985]). In other words, contrary to the court's conclusion, it is not a complete defense to a failure to warn claim against a product manufacturer under New York law that an injured worker's employer was adequately warned or otherwise knowledgeable of the dangers of the product (see Cohen v St. Regis Paper Co., 109 AD2d 1048, 1049 [4th Dept 1985], affd 65 NY2d 752, 754 [1985]), or that the employer may have been in the best position to give the warning at issue (see Johnson v UniFirst Corp., 90 AD3d 1539, 1540 [4th Dept 2011]). Instead, evidence that an employer had knowledge of a hazard or was better able than the manufacturer to provide a warning to the injured worker is relevant to whether a manufacturer satisfied its duty to provide adequate warnings, which is typically a question of fact (see generally Liriano v Hobart Corp., 92 NY2d 232, 243 [1998]; Houston v McNeilus Truck & Mfg., Inc., 115 AD3d 1185, 1187 [4th Dept 2014]).
As a procedural matter, we reject the dissent's suggestion that our consideration of the viability of the sophisticated intermediary doctrine as applied to the facts of this case represents an unjustified "change in approach" from our decision on the prior appeal. In that decision, we expressly declined to determine the viability of the doctrine, and instead concluded that [*2]defendants were not entitled to summary judgment even if the doctrine was viable (see Rickicki, 60 AD3d at 1277-1278). Thus, we did not make a legal determination necessarily resolving the merits of the viability of the doctrine, and our prior decision is not the law of the case with respect to that issue (see Matter of Doman, 150 AD3d 994, 995 [2d Dept 2017]; Howard v BioWorks, Inc., 103 AD3d 1112, 1113 [4th Dept 2013]; Sharrow v Dick Corp., 233 AD2d 858, 859-860 [4th Dept 1996], lv denied 89 NY2d 810 [1997], rearg denied 89 NY2d 1087 [1997]).
In contending that the sophisticated intermediary doctrine should apply to preclude liability here as a matter of law, defendants and the dissent rely, inter alia, on the Restatement (Second) of Torts, and on New York case law establishing that a manufacturer of prescription drugs or medical devices satisfies its duty to warn by providing a proper warning to a physician, with no need for a direct warning to a plaintiff patient (see Martin v Hacker, 83 NY2d 1, 8-9 [1993]; see also Bukowski v CooperVision Inc., 185 AD2d 31, 34-35 [3d Dept 1993]). We conclude that their reliance is misplaced.
The Restatement (Second) recognizes that providing a warning to a third party such as a product user's employer "is not in all cases sufficient to relieve [a] supplier from liability," particularly where the danger posed by the product is significant and "means of [direct] disclosure are practicable and not unduly burdensome" (Restatement [Second] of Torts § 388, Comment n). In addition, the analogous provision of the later Restatement (Third) states that "[t]here is no general rule as to whether one supplying a product for the use of others through an intermediary has a duty to warn the ultimate product user directly or may rely on the intermediary to relay warnings. The standard is one of reasonableness in the circumstances" involving, among other things, "the feasibility and effectiveness of giving a warning directly to the user" (Restatement [Third] of Torts: Products Liability § 2, Comment i). Here, there is evidence that the injured workers directly handled bags of silica in an era before the bags had any warnings on them, and we conclude that it would have been a minimal burden for defendants to place warnings on the bags at that time (see Humble Sand & Gravel, Inc. v Gomez, 146 SW3d 170, 193 [Tex Sup Ct 2004]; cf. Polimeni v Minolta Corp., 227 AD2d 64, 66 [3d Dept 1997]). We therefore conclude that the Restatement does not support the recognition of the sophisticated intermediary doctrine on these facts. The dissent's observation that the silica "became a bulk product" once removed from the bags is irrelevant for purposes of defendants' motions and cross motions in view of the evidence that the injured workers handled the bags themselves.
We further conclude that the " informed intermediary' " doctrine, which is applicable in cases involving prescription drugs and medical devices (Martin, 83 NY2d at 9), is premised on features of the physician-patient relationship that are not present in the relationship between an industrial employer and its employees (see Polimeni, 227 AD2d at 66-67; Billsborrow v Dow Chem., 139 Misc 2d 488, 492 [Sup Ct, Suffolk County 1988]; see also Hall v Ashland Oil Co., 625 F Supp 1515, 1519-1520 [D Conn 1986]), and thus provides no support for recognition of the sophisticated intermediary doctrine here. Moreover, although the dissent is correct that there is "no duty to warn a knowledgeable user who is aware of the risks inherent in [a] product" (Steinbarth v Otis El. Co., 269 AD2d 751, 752 [4th Dept 2000] [emphasis added]), and that a warning may be unnecessary as a matter of law in view of "an injured party's actual knowledge of the specific hazard that caused the injury" (Liriano, 92 NY2d at 241 [emphasis added]), those principles are inapposite here because the party alleged to be fully knowledgeable of the dangers of silica dust inhalation, Dexter, is not the relevant "user" or "injured party." In sum, we decline to recognize the sophisticated intermediary doctrine on the facts of this case, and we conclude that there is a triable issue of fact whether defendants provided adequate warnings to the injured workers (see generally Ramirez Gabriel v Johnston's L.P. Gas Serv., Inc., 143 AD3d 1228, 1231 [4th Dept 2016]).
Finally, we conclude that the court erred in determining as a matter of law that any failure to warn was not a proximate cause of the injuries sustained by the injured workers. While defendants submitted evidence that the injured workers occasionally disregarded Dexter's safety policies, that evidence is insufficient to establish as a matter of law that an earlier or more specific warning about the dangers of silica dust "would have been superfluous" (Montufar v Shiva Automation Serv., 256 AD2d 607, 607 [2d Dept 1998]; cf. Terwilliger v Max Co., Ltd., 137 AD3d 1699, 1701 [4th Dept 2016]; see generally Houston, 115 AD3d at 1187). We therefore reverse the order, deny defendants' motions and cross motions, and reinstate the complaint against them in relevant part in each action.
All concur except Carni, and Curran, JJ., who dissent and vote to affirm in the following memorandum: We respectfully disagree with our colleagues that the sophisticated intermediary doctrine does not apply to the facts in this case and would affirm the order dismissing the complaints.
David P. Rickicki and plaintiff Michael C. Crowley (hereafter, injured workers) were employees in the plant operated by Dexter Corporation, Hysol Division (Dexter) in Olean, New York. Dexter manufactured a wide variety of equipment and materials, including electronic components and circuit boards. Dexter purchased and used silica in its manufacturing process. The injured workers were each diagnosed with silicosis, a respiratory disease, and commenced actions against many of Dexter's suppliers, including defendants, alleging their exposure to airborne crystalline silica dust caused their silicosis. Supreme Court dismissed the complaints against the defendants who did not supply Dexter with silica. The remaining defendants manufactured silica-containing products sold to Dexter for use in their manufacturing processes (hereafter, supplier defendants).
In 2007, the court dismissed the complaints and cross claims against the supplier defendants on the ground, among others, that the supplier defendants had no duty to warn the injured workers of the dangers of silica because Dexter's status as a sophisticated intermediary—an entity that was already fully knowledgeable of the dangers of silica dust inhalation—discharged that duty. This Court modified that order by reinstating the negligence and products liability causes of action solely on the ground that there was an issue of fact regarding Dexter's knowledge that crystalline silica—the type of silica the injured workers were exposed to—was more dangerous than amorphous silica (Rickicki v Borden Chem., 60 AD3d 1276 [4th Dept 2009]). The supplier defendants thereafter made further discovery efforts to identify evidence that Dexter knew the difference between the two types of silica. On a second set of summary judgment motions/cross motions, the court granted summary judgment to the supplier defendants and again dismissed the complaints against them holding that Dexter, as the sophisticated intermediary, had knowledge of the dangers of crystalline silica equal to the knowledge of the supplier defendants.
Our colleagues now conclude that the sophisticated intermediary defense is not a viable defense "under the facts of the case." As an initial matter, the only new fact on the second set of motions/cross motions as compared to the supplier defendants' original motions for summary judgment is that Dexter knew about the dangerousness of crystalline silica, as opposed to amorphous silica. Thus, in our view, and as Justice NeMoyer stated in his decision granting summary judgment for the second time, the triable issue of fact identified by this Court on the prior appeal—Dexter's supposed lack of appreciation of the differences between crystalline and amorphous silica—has been proven after further discovery to be a non-issue after all.
Rather than addressing this factual issue undertaken by the parties per this Court's prior direction, our colleagues appear to hold that the sophisticated intermediary doctrine is not a viable doctrine in New York in an employee/employer scenario. While our Court is certainly at liberty to alter its prior approaches to issues, we are compelled to lament the change in approach here for the sake of the parties in this case [FN1]. Additionally, while our colleagues state that the doctrine is inapplicable to the facts of this case, they fail to identify a single disputed material fact impacting Dexter's clear knowledge of the difference between the types of silica or even as to its demonstrated awareness of and protection against the dangers of crystalline silica. We respectfully disagree with the majority, and instead agree with Supreme Court that the sophisticated intermediary doctrine should be a viable one and that, as Supreme Court observed, it was "tailor-made for the situation at bar."
Under strict products liability law, "[a] product may be defective when it contains a manufacturing flaw, is defectively designed or is not accompanied by adequate warnings for the [*3]use of the product" (Liriano v Hobart Corp., 92 NY2d 232, 237 [1998] [emphasis added]; see Sage v Fairchild-Swearingen Corp., 70 NY2d 579, 586 [1987]). Here, plaintiffs allege that the silica-containing substances produced or distributed by the supplier defendants were defective because of inadequate or absent warnings. A strict liability cause of action predicated on a failure to warn of dangers of which the manufacturers knew or should have known is indistinguishable from a negligence cause of action (see Enright v Eli Lilly & Co., 77 NY2d 377, 387 [1991], rearg denied 77 NY2d 990 [1991], cert denied 502 US 868 [1991]). The adequacy of a warning generally is a question of fact, unless the court decides as a matter of law that there is no duty to warn or that the duty has been discharged as a matter of law (see Passante v Agway Consumer Prods., 294 AD2d 831, 833 [4th Dept 2002], appeal dismissed 98 NY2d 728 [2002]). For example, "where the injured party was fully aware of the hazard through general knowledge, observation or common sense, . . . lack of a warning about that danger may well obviate the failure to warn as a legal cause of an injury resulting from that danger" (Liriano, 92 NY2d at 241). Thus, in appropriate cases, courts may "as a matter of law decide that a manufacturer's warning would have been superfluous given an injured party's actual knowledge of the specific hazard that caused the injury" (id.).
New York courts have applied the "knowledgeable user" doctrine to relieve a manufacturer "of liability on a failure to warn theory where the purchaser or user knows or has reason to know of the dangerous propensities of the product independent of the information supplied to him by the manufacturer or distributor" (Billsborrow v Dow Chem., 177 AD2d 7, 15 n [2d Dept 1992]; see Steuhl v Home Therapy Equip., Inc., 51 AD3d 1101, 1103 [3d Dept 2008]; Steinbarth v Otis El. Co., 269 AD2d 751, 752 [4th Dept 2000]). In other words, "the duty to warn of a product's danger does not arise when the injured [party] is already aware of the specific hazard . . . , or the product-connected danger is obvious" (Lonigro v TDC Elecs., 215 AD2d 534, 535-536 [2d Dept 1995]).
Akin to the "knowledgeable user" doctrine is the "sophisticated intermediary" defense (see e.g. Billsborrow v Dow Chem., 139 Misc 2d 488, 495 [Sup Ct, Suffolk County 1988]). The sophisticated intermediary doctrine, which as the majority recognizes, has been said to be rooted in section 388 (b) of the Restatement (Second) of Torts, provides that there is " no duty to warn if the user knows or should know of the potential danger, especially when the user is a professional who should be aware of the characteristics of the product' " (Bergfeld v Unimin Corp., 319 F3d 350, 353 [8th Cir 2003]). The Restatement has served to form the bedrock principles in New York law for strict products liability (see generally Matter of New York City Asbestos Litig., 27 NY3d 765, 786-787, 790-791 [2016]; Codling v Paglia, 32 NY2d 330, 342 [1973]).
The "sophisticated user" doctrine is premised on the theory that the immediate distributee of the product (here, the employer) is in a better position to warn the ultimate user (the employee) of the dangers associated with the use of the product. As other state courts have recognized, "sound policy reasons support the adoption of the sophisticated user defense. First, it places the duty to warn on the party arguably in the best position to ensure workplace safety, the purchaser-employer. Second, the burden falls upon the party in the best position to know of the product's potential uses-thereby enabling that party to communicate safety information to the ultimate user based upon the specific use to which the product will be put" (Haase v Badger Mining Corp., 266 Wis 2d 970, 984, 669 NW2d 737, 743-744 [Ct App 2003], affd 274 Wis 2d 143, 682 NW2d 389 [Sup Ct 2004]). For all of these practical and policy reasons, "[i]t would appear, then, that some version of a sophisticated purchaser' defense is the norm in most jurisdictions" (In re Asbestos Litigation [Mergenthaler], 542 A2d 1205, 1211 [Del Super Ct 1986]).
For the doctrine to apply, the user's "sophistication" must consist of a special expertise or knowledge of the dangerous properties of the product and not a mere general idea of the danger (see Mason v Texaco, Inc., 741 F Supp 1472, 1486 [D Kan 1990], affd 948 F2d 1546 [10th Cir 1991], cert denied 504 US 910 [1992]), "the intermediary must have knowledge or sophistication equal to that of the manufacturer or supplier, and the manufacturer must be able to rely reasonably on the intermediary to warn the ultimate [user]" (Natural Gas Odorizing, Inc. v Downs, 685 NE2d 155, 164 [Ind Ct App 1997], citing 63A Am Jur 2d, Products Liability § 1195). "Reliance is only reasonable if the intermediary knows or should know of the product's dangers . . . Actual or constructive knowledge may arise where either the supplier has provided [*4]an adequate explicit warning of such dangers or information of the product's dangers is available in the public domain" (Natural Gas Odorizing, Inc., 685 NE2d at 164). Additionally, a supplier of a dangerous product has a duty to warn the purchaser's employees if it knows or has reason to know that either the purchaser is unaware of the full extent of the danger or the purchaser will not transmit the warnings to its employees (see Dan B. Dobbs et al., Torts § 467, at 964-965 [2d ed 2011]). Thus, where an employer purchases raw materials from a supplier, under the sophisticated intermediary doctrine, the supplier's duty to warn ends if the sophisticated employer independently knows or should know of the dangerous propensities of the product and the supplier lacks actual or constructive knowledge that the employer will not warn its employees of those dangers. Rather, under those circumstances, it is the employer that has a duty to warn and protect its employees because it is impractical for the supplier to issue warnings directly to the employees.
While the majority relies on this Court's prior decisions in both Johnson v UniFirst Corp. (90 AD3d 1539, 1540 [4th Dept 2011]) and Cohen v St. Regis Paper Co. (109 AD2d 1048, 1049 [4th Dept 1985], affd 65 NY2d 752, 754 [1985]), we find that reliance misplaced. Initially, we note that, if Cohen stood for the broad proposition with which the majority now burdens it, that holding would have formed the basis for our Court's prior decision in this case and obviated the discovery foisted upon the parties in the interim. We do not read Cohen so expansively. Rather, our view is that the Court in neither Cohen nor Johnson considered the "sophisticated intermediary doctrine." Moreover, both cases stand for the general rule that suppliers of dangerous products have a duty to warn those who are expected to use them, including employees, a proposition with which we do not disagree. We submit, however, that a defendant supplier may raise, and perhaps be successful in raising, the "sophisticated intermediary" defense where the defendant can show that the employer has knowledge or sophistication equal to that of the supplier, and the supplier is able to rely reasonably on that employer to warn the employee.
Turning to the merits of this case, we conclude that, under the circumstances of this case, the supplier defendants' duty to warn ended as a matter of law under the sophisticated intermediary doctrine. The supplier defendants proffered evidence revealing that the injured workers' employer, Dexter, both before and throughout the period of employment, knew about the dangers associated with crystalline silica dust. Starting in the 1940s, the courts have recognized the hazards of silica exposure (see Urie v Thompson, 337 US 163, 165-166 [1949]; Sadowski v Long Is. R.R. Co., 292 NY 448, 456 [1944]) and, at least as early as the 1970s, the dangers of silica dust were known in both society and at the Dexter plant. The supplier defendants submitted evidence that within the plant Dexter had specific expertise with and knowledge about silica, and in particular crystalline silica. Dexter had used silica for many years before the injured workers were hired and was aware that silicosis was caused by the inhalation of crystalline silica dust. To be sure, Dexter took protective measures, including the use of a ventilation or exhaust system and a dust extraction hose situated next to the openings of the mixing machines in which bags of silica were poured. In 1970, workers were required to wear masks or respirators while working with silica. This evidence, taken together, establishes that Dexter knew or should have known that exposure to the airborne crystalline silica dust was a health hazard and that Dexter took steps throughout the injured workers' employment to limit its workers' exposure to the dust.
Moreover, it was reasonable for the supplier defendants to rely on Dexter to warn and protect the ultimate end users because Dexter was the employer of the end users and, indeed, had a duty under both federal and state law to protect its employees from the dangers of silica dust. The facts of this case show that it was highly impractical for the supplier defendants to issue warnings directly to Dexter employees. As Justice NeMoyer noted, the suppliers of a raw material are rarely well-equipped to warn eventual end users of the material, and employers in industrial settings are generally best equipped to warn their employees. Given the nature of the product, Dexter was in the best position to warn its workers and to institute protective measures to safeguard the health and safety of its workers. Once the silica was removed from the bags, it became a bulk product and any warning on the bags could not have followed the movement of the product thereafter. Imposing such a duty would be unduly burdensome for the suppliers, and employers are unlikely to allow third parties to interfere in the employer-employee relationship or the employer's business operations. While it is almost certainly true that many employers have been known to place profit over safety, the solution to that problem should not be to shift an employer's duty to its suppliers, thereby lessening an employer's primary duty to protect its [*5]employees from well-known dangers.
In short, we conclude that the supplier defendants had no duty to warn the injured workers of the hazards of crystalline silica under the facts of this case and thus, the complaints were properly dismissed.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court



Footnotes

Footnote 1:Contrary to the majority's suggestion, we recognize that our prior decision was not the "law of the case" on the application of the doctrine. However, by the language in the prior decision, the court clearly steered the parties to a particular course of further action.